THE STATE OF OHIO, APPELLEE, *v.* MURPHY, APPELLANT.

160

(No. 658—Decided June 1, 1967.)

*Mr. James A. Berry,* prosecuting attorney, for appellee.

*Mr. Thomas J. Veskauf,* for appellant.

SHERER, J. Appellant, defendant below, is appealing from a judgment of the Common Pleas Court of Clark County convicting and sentencing him for the crime of forgery in violation of Section 2913.01, Revised Code.

The first error assigned is that the court erred in allowing the state, over objection, to present testimony about a prior conviction of appellant.

In its case in chief, the state called a Deputy Clerk of Courts of Clark County, who testified that in Case No. 13053, captioned *"State of Ohio* v. *Charles W. Murphy,"* Charles W. Murphy, accompanied by his attorney, entered a plea of guilty to a charge of forgery in violation of Section 2913.01, Revised Code, on August 14, 1963.

Such testimony was admitted by the court under Section 2945.59 of the Revised Code. In the trial of a criminal case, where it is relevent and material to show the motive or the intent of the defendant in doing an act, such section authorizes the introduction of evidence of like acts of the accused, previously committed, which are so related to the offense charged, in character and point of time, as tend to show the intent, motive, habit or state of mind of the defendant at the time he committed the offense charg-

ed. Appellant's plea of guilty to a previous charge of forgery is his judicial admission tending to show intent in the instant case. We see no error in the admission of such testimony.

The second error assigned is that the court allowed the state, over objection, during final argument, to comment upon the failure of the defendant to testify.

The record shows the following proceedings:

"Now you people said that you would not be swayed in this matter by anything and that includes the theatrics of counsel, the shaking of heads, the remarks about, 'Is that all you have'—well, consider, 'Is that all you have.' Have you heard anything from the defense? Did they tell you anything?

"By Mr. Veskauf: Objection.

"By the Court: Objection will be sustained.

"By Mr. Berry: On what basis, if the court please?

"By the Court: Please clarify your statement. Counsel knows the rule.

"By Mr. Berry: That is true, I am talking about the defense.

"By the Court: And when you are talking about the defense you are speaking of a number of matters, Mr. Berry.

"By Mr. Berry: Did you hear any reference or any testimony whatsoever on behalf of this defendant?

"By Mr. Veskauf: I will object again.

"By Mr. Berry: About where he has been?

"By the Court: Overruled.

"By Mr. Berry: About anything? But you did hear without any hesitation people who identified him, identified this picture as being the same man who worked back there. The fact that he did utter and publish this is true and the fact that he suddenly disappeared, and the fact that this is not the first time for this. So as reasonable men and women, with this evidence before you and nothing else, there is only one conclusion that you can come to—that is that he is guilty as he stands charged. Thank you.

"(At the bench, out of the jury hearing):

**162**

"By Mr. Veskauf: I want to make a motion, and the defendant would move for a mistrial on the basis of the statement of the prosecution with reference to not hearing anything from the defense and all other statements at that time on the same subject matter, because the defendant has a right not to take the stand without any comment on it by the state whatsoever, and this motion is made orally out of the hearing of the jury at the Bench, without being able to cite cases to support my position at this point. I think that will cover it.

"By Mr. Berry: There is no question on the authority. He is right on the premise about the defendant not taking the stand, which I didn't—

"By the Court: Overruled.

"(Thereupon, the general charge of the court was given to the jury; following which the jury retired, and after consideration and deliberation returned a verdict finding the defendant guilty, as appears of record in the cause.)"

The action of the trial court in permitting the prosecuting attorney to make the above remarks to the jury over objection and the failure of the court to sustain the motion for a mistrial were prejudicial error, and a reversal of the judgment is required by the holding of the Supreme Court of the United States in *Griffin* v. *California,* 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229.

The judgment will be reversed.

*Judgment reversed.*

CRAWFORD, P.J., and KERNS, J., concur.